UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY L. SMITH | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-CV-P748-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL CAMERON *et al.* | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion to Dismiss by Defendant, Steven P. Veno [R. 12]; on a Motion to Dismiss by Defendant, Daniel Cameron [R. 13]; and on a Motion for Judgment on the Pleadings by Defendant, Michael O'Connell [R. 18]. Plaintiff, Anthony L. Smith, *pro se,* filed Responses. [R. 15, R. 16]. Defendant Cameron filed a Reply. [R. 17]. Fully briefed, these matters are ripe for decision. For the following reasons, Defendants' Motions are **GRANTED**.

## I. BACKGROUND

This is a *pro se* civil-rights action. [R. 1]. Plaintiff alleges that Defendants, Commissioner of the Department for Income Support Steven P. Veno, Attorney General Daniel Cameron, and Jefferson County Attorney Michael O'Connell (collectively "Defendants"), in their "individual and personal capacity[ies]"[1] violated his constitutional rights based upon Plaintiff's failure to receive the first Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") Economic Impact Payment ("EIP") of $1,200. Plaintiff claims he never

---

[1] Plaintiff sues Defendants in only their individual capacities. As such, the Court will not address Defendants' arguments with respect to official-capacity claims. [R. 1; R. 15 at p. 2; R. 16 at p. 2].

- 1 -

received notice of his "right to be heard in the offset of his EIP" which violated his right to due process. [R. 1 at p. 6]. Plaintiff further claims that he was denied equal protection under the law by being singled out from all other Americans due to his outstanding child support obligations because "all other eligible Americans received their EIP—regardless of any debt they owed." [*Id.* at pp. 8–10]. Upon review of the Complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims to proceed against Defendants. [R. 5]. Defendants Cameron and Veno now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b). [R. 12; R. 13]. Defendant O'Connell moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [R. 18].

In January 2016, the Jefferson County Family Court ordered Plaintiff to pay child support arrearage in the amount of more than $70,000. [R. 1 at p. 4]. In March 2020, Congress passed the CARES Act, Pub. L. 116-136 (Mar. 27, 2020), which in part created a refundable tax credit of up to $1,200 for individuals.

On October 24, 2020, Plaintiff learned that the United States Department of Treasury, Bureau of Fiscal Service "applied all or part of [his] payment to delinquent debt that [he] owe[s]." [*Id.* at p. 5]. According to the notice, Plaintiff's EIP was applied to his debt to "CHFS, DEPARTMENT FOR INCOME SUPPORT, CHILD ENFORCEMENT." [R. 1-1 at p. 2]. Plaintiff alleges that he complained to the Cabinet for Health and Family Services office about the unlawful offset and then requested an investigation. [R. 1 at p. 6]. Plaintiff maintains that he received a response by email from Tiffany M. Smith, a Citizen Assistance Specialist in the Office of the Ombudsman's Complaint Review Branch, informing him that he was notified on September 5, 2019, through an Advance Notice of Intent to Collect Past Due Support (CS-122), that his child support debt was submitted to the Federal Tax Refund Offset program. [*Id.*].

Plaintiff further states that Tiffany Smith informed him that "[w]hen the federal government decided to issue the CARES Act Economic Impact Payments, Child Support Enforcement was advised that additional letters did not need to be issued because delinquent payors had previously been notified of being reported to the Federal Tax Refund Offset program." [*Id.*].

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

In addition, "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The duty to be less stringent with *pro se* complainants, however, does not require the Court to "abrogate basic pleading essentials," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

When ruling on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the district court uses the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008); *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296 (6th Cir. 2008).

### III.  ANALYSIS

Plaintiff alleges a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  Defendants move to dismiss the claims against them pursuant to the doctrine of qualified immunity.  Defendants argue in part that the facts alleged in the Complaint do not rise to a violation of Plaintiff's constitutional rights.

The doctrine of qualified immunity shields government officials performing discretionary functions from civil liability unless their conduct violates clearly established constitutional rights.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Defendants "are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time."  *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021) (quoting *District of Columbia v. Wesby*, ⸺ U.S. ⸺, 138 S. Ct. 577, 589 (2018)).  *See also Koch v. Dep't of Nat. Res., Div. of Wildlife*, 858 F. App'x 832, 837, 840 (6th Cir. 2021) (affirming 12(b)(6) dismissal because plaintiff cited no case showing a "clearly established" constitutional violation).

Initially, under the facts alleged in the Complaint, the $1,200 EIP was properly offset because Plaintiff owed over $70,000 in past-due child support.  By its terms, the CARES Act (the first round of stimulus payments) "expressly provides that the 'economic impact payment' of up to $1,200.00 per person cannot be offset against the kinds of debts expressly identified in Section 2201(d)(1) to (d)(3) of the Act."  *Butler v. CHFS*, No. 6:20-CV-234, 2020 WL 7322717,

at *1 (E.D. Ky. Dec. 11, 2020) (citing CARES Act, Pub. L. 116-136 (Mar. 27, 2020), § 2201(d)(1)-(d)(3)). However, "child support obligations are not one of the debts excepted from setoff." *Id.* Thus, "the stimulus payment can be garnished to pay past-due child support pursuant to Section 464 [42 U.S.C. § 664] of the Social Security Act and Section 6402(c) of the Internal Revenue Code." *Id.* (citing 26 U.S.C. §§ 6402(c) (2019), 26 U.S.C. § 6428 (2020)); *Martin v. Jefferson Cty. Dep't of Hum. Res.*, No. 2:21-CV-175, 2021 WL 2700333, at *2 (S.D. Ohio July 1, 2021); *Treadwell v. Mnunchin*, No. 2:21-CV-1028, 2021 WL 1734338, at *3 (S.D. Ohio May 3, 2021). In fact, the Internal Revenue Service's website "dedicated to the CARES Act stimulus payment states this clearly: 'Your [Economic Impact] Payment will be offset if you owe past-due child support.'" *Butler*, 2020 WL 7322717 at *1 (quoting https://www.irs.gov/newsroom/economic-impact-payment-information-center-topic-d-receiving-my-payment). Accordingly, the first CARES Act stimulus payment can be garnished to satisfy unpaid child support pursuant to 42 U.S.C. § 664 and 26 U.S.C. § 6402(c).

**A. Due Process Clause of the Fourteenth Amendment**

Plaintiff argues that he suffered a Fourteenth Amendment Due Process Clause violation because Defendants failed to notify him of and to allow him to challenge the offset of his EIP under the CARES Act. In support of his due process claim, Plaintiff relies on an October 1, 2020, Department of the Treasury Notice in which the IRS informed Plaintiff: "Before sending a debt to Fiscal Service, an agency must send notice to you at the address in its records. The notice explains the amount and type of debt you owe, the rights available to you, and the agency's intention to collect the debt by applying eligible federal payments made to you." [R. 1 at p. 5; R. 1-1 at p. 2].

The Due Process Clause of the Fourteenth Amendment forbids the State from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Considering only whether Plaintiff received "adequate process," *see Fields v. Henry Cty., Tenn.*, 701 F.3d 180, 185 (6th Cir. 2012), the Court finds that the Cabinet for Health and Family Services complied with the notice requirement referenced in the Department of the Treasury Notice when the Cabinet mailed Plaintiff the Advance Notice of Intent to Collect Past-Due Support (Form CS-122) in September 2019. [R. 1 at p. 6; R. 12-1].[2] Form CS-122 explained the amount and type of debt owed, available appeal rights, and the agency's intention to collect the debt by applying eligible federal payments. [*Id.*]. Additionally, the CS-122 also informed Plaintiff that this amount was subject to collection at any time by Administrative Offset and/or Federal and State Tax Refund Offset: "Your debt will remain subject to Federal Tax Refund Offset, State Tax Refund Offset, Administrative Offset . . . until it is paid in full." [*Id.*]. Finally, the CS-122 informed Plaintiff he had a right to contest the identified past due child support amount. [*Id.*]. Plaintiff therefore received sufficient notice.

The offset of Plaintiff's EIP, including the notice provided to Plaintiff, did not violate the Fourteenth Amendment Due Process Clause; and, as a result, the Court finds that Plaintiff failed to state a cognizable claim.

### B. Equal Protection Clause

Plaintiff alleges that he was denied equal protection of the laws because only *his* EIP was

---

[2] At the motion to dismiss stage, a court may consider exhibits attached to a defendant's motion to dismiss without converting the motion to dismiss into a motion for summary judgment as long as those exhibits are "referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Gray v. Wal-Mart Stores, Inc.*, No. 3:11-CV-367-H, 2012 WL 4212926, at *2 (W.D. Ky. Sept. 18, 2012) (considering a document attached to a pleading in ruling on a motion to dismiss). Here, the Court considers the Cabinet's September 2019 Advance Notice of Intent to Collect Past-Due Support (Form CS-122) [R. 12-1] attached to Defendant Veno's motion to dismiss, which is central to Plaintiff's claims and to which Plaintiff refers in his Complaint, [R. 1 at p. 6].

seized to satisfy his child support arrearage; he was singled out from "all other Americans." [R. 1 at pp. 8–10].

To sustain an equal-protection claim, Plaintiff must allege, in part, that Defendants intentionally discriminated against him because he was a member of a protected class, *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996), or that he was treated differently than similarly situated individuals. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has not claimed that the alleged wrongful conduct was intentionally taken against him because of his membership in a protected class. Furthermore, Plaintiff failed to plead facts identifying other similarly situated individuals and failed to plead that any alleged difference in his treatment lacked a rational basis. In fact, as discussed above, unlike later EIPs, the first round of EIPs were not exempt from garnishment by debt collectors, including delinquent child support debt. Therefore, Plaintiff failed to establish a violation of the Equal Protection Clause, and judgment in favor of Defendants on this claim is granted.

### C. Title 31 C.F.R. Section 285

In his Complaint, Plaintiff also asserts that Defendants violated "31 C.F.R. Section 285.2(ii)(B)(C)."[3] This regulation does not apply to state agencies, such as the Cabinet for Health and Family Services, but instead applies to federal agencies and the Department of the

---

[3] The Court believes Plaintiff is referencing 31 C.F.R. § 285.2(d)(1)(ii)(B) and (C) which provides that "when a Federal agency refers a past-due, legally enforceable debt to Fiscal Service for tax refund offset, the agency will certify to Fiscal Service that in relevant part:
    (ii) The creditor agency has made reasonable efforts to obtain payment of the debt in that the agency has: . . .
    (B) Notified, or has made a reasonable attempt to notify, the debtor that the debt is past-due, and unless repaid within 60 days after the date of the notice, will be referred to Fiscal Service for tax refund offset;
    (C) Given the debtor at least 60 days to present evidence that all or part of the debt is not past-due or legally enforceable, considered any evidence presented by the debtor, and determined that the debt is past-due and legally enforceable; and . . . .
31 C.F.R. § 285.2.

Treasury, Fiscal Service. Furthermore, § 285.2 requires that prior to referral, the referring federal agency certify it provided the debtor notice and an opportunity to challenge the *underlying* delinquent debt, not the ultimate offset. As discussed above, the CS-122 sent to Plaintiff in September of 2019 informed him that he had a right to contest the identified past due child support amount.

Even considering the action taken by the Cabinet for Health and Family Services under the more appropriate regulation, 31 C.F.R. § 285.3, which authorizes state agencies to offset tax refund payments to collect past-due child support obligations, Plaintiff failed to plead facts identifying any violation of the regulation. As discussed above, the CARES Act established a refundable tax credit for eligible individuals in the amount of $1,200. 26 U.S.C. § 6428(a), (b); *see also Martin v. Jefferson Cty. Dep't of Hum. Res.*, No. 2:21-CV-175, 2021 WL 4806970, at *1 (S.D. Ohio Sept. 30, 2021). This first EIP was an advance refund of the § 6428(a) tax credit. *See* 26 U.S.C. § 6428(b), (f). Title 31 C.F.R. § 285.3 provides that "[p]ast-due support will be collected by tax refund offset upon notification to Fiscal Service in accordance with 26 U.S.C. 6402(c), 42 U.S.C. 664 and this section." 31 C.F.R. § 285.3(b); *see also* 31 C.F.R. § 285.3(c). Significantly, § 285.3(d) specifically lists any past-due support as the first priority of offset of a tax refund payment. 31 C.F.R. § 285.3(d)(1)(i). Because the first EIP was a refundable tax credit, the Cabinet for Health and Family Services was authorized under federal law to garnish Plaintiff's first stimulus payment based upon his pre-existing child support debt. 26 U.S.C. § 6428; 31 C.F.R. § 285.3(b), (c), (d).

As such, Plaintiff failed to state a cognizable claim pursuant to 31 C.F.R. § 285, and the claim will be dismissed.

- 9 -

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motions to Dismiss and for Judgment on the Pleadings [R. 12, R. 13, R. 18] are **GRANTED**. A Judgment shall be entered consistent with this Memorandum Opinion and Order.

This the 11th day of January, 2022.

*[Signature]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Anthony L. Smith, *pro se*
counsel of record